_____

| | |
|---|---|
| Joel Marvin Munt | Case No. 19-cv-56 (SRN/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Tom Roy, Collin Gau, Nanette Larson, Cheri Mayer, Tina Sneen, Grievance Appeal Coordinators, Kim Ebeling, Michelle Smith, Sherlinda Wheeler, Lt. Hills, Sharon Henry, Natalie Leseman, Other OPH Mailroom Staff, Stg. Brown, Sherry Bohn, David Reishus, Shelli Monio, Steve McCarty, Bronson Austreng, Lt. Witter, Lt. Besonen, Stephanie Huppert, McElroy, Jeanne Michels, Sue Farmer, David Hinrichsen, OPH Finance Person (Paulsa VanB), OPH Grievance Cordinators, Eddie Miles, Victor Wanchena, Susan Norton, Mike Warner, Lisa Cox, Chris Pawelk, John Quist, Lt. Milliron, Lt. Darling, Lathan Scott, Mark Arneson, Patricia Pawlak, David Coward, | |
| Defendants. | |

_____

STEVEN E. RAU, United States Magistrate Judge

  This matter comes before the Court on Plaintiff Joel Marvin Munt's Request for Stay. (ECF No. 7). Munt brings his motion pursuant to 28 U.S.C. § 455(b)(5)(iv) and moves for a stay on two grounds: (1) the case should be stayed because District Judge Susan Richard Nelson and the undersigned "have previously seized other cases they are barred from and because of the unusual delay in this case after the IFP was processed, it appears likely Nelson is preparing to seize this case as well," and (2) "there is a second

case (18-cv-2144-SRN-SER) that will be raising a serious constitutional issue on appeal regarding the PLRA that could have a significant impact on this case as well." (ECF No. 7, at 1). Munt states the "[i]interests of judicial economy, equity and justice require the case to be stayed until both matters are resolved, and the time for Supreme Court review has passed, or until I have moved to lift the stay." (ECF No. 7, at 2).

It is well-established that "'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Although a district court's discretion to stay proceedings is broad, "[t]he proponent of a stay bears the burden of establishing its need." *Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007). Traditionally, this requires the proponent to demonstrate the specific hardship or inequity that would result if required to proceed. *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring). This heavy burden includes a presumption favoring the party opposing a stay. *Id.* at 1365.

Munt's motion papers do not allege any hardship or inequity that would result if he was required to proceed under Judge Nelson and the undersigned. Munt has raised this objection in multiple prior cases and there has been no finding that either judge has acted in a biased manner towards Munt. *See e.g.*, *Munt v. Roy*, No. 17-cv-5215 (SRN/SER), 2018

2

WL 7247179, at *1 (D. Minn. June 25, 2018), *report and recommendation adopted as modified*, No. 17-CV-5215 (SRN/SER), 2019 WL 157289 (D. Minn. Jan. 10, 2019); *Munt v. Roy et. al.*, No. 18-cv-2144 (SRN/SER) (D. Minn. 2019). Furthermore, Munt makes no factual allegations demonstrating hardship if this case were to proceed. Munt also refers to a case ("18-cv-2144") that would have serious implications for this case *if* appealed. That case is still proceeding in the District of Minnesota and there has been no appeal to the Eighth Circuit; the issue of appeal is thus premature and not before the Court. Issuing a stay when Munt has not presented any evidence or argument warranting a stay would be improper and lead to delay in adjudicating this case. The Court finds it is in the interest of judicial economy and fairness to allow this case to proceed.

Based upon all the files, records and proceedings, **IT IS HEREBY ORDERED** that Plaintiff Joel Marvin Munt's Request for Stay, (ECF No. 7), is **DENIED.**

Dated: July 25, 2019                           *s/ Steven E. Rau*
                                                STEVEN E. RAU
                                                United States Magistrate Judge